**TENZIN NIMA TSERING, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–4989–AG.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Kathryn E. Ford, Assistant United States Attorney, (Michelle G. Tapken, Acting United States Attorney for the District of South Dakota, on the brief), Sioux Falls, South Dakota, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Tenzin Nima Tsering, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the IJ's decision, this Court reviews the decision of the IJ directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

Tsering, who claimed to be a Tibetan citizen, would not be eligible for asylum if he was "firmly resettled in another country prior to arriving in the United States." *See* 8 U.S.C. § 1158(b)(2)(A)(vi). Substantial evidence supports the IJ's finding that Tsering was either a citizen of Nepal, or else firmly resettled there, but not the IJ's finding that he was firmly resettled in India. The government did not establish that Tsering had any formal offer to resettle in India; in fact, Tsering testified that he never received any. Moreover, his residence in India was periodic rather than continuous, coinciding with the school years, and was necessarily of a finite duration. There was no indication that he had the intention, or would be welcome, to stay after completing his studies, or that he made any substantial ties in India. Therefore, Tsering's education in India did not render him ineligible for asylum. *See* 8 C.F.R. § 1208.15.

Tsering's eligibility turned on his identity and nationality, because his nationality would dictate whether fear of persecution in China, or in Nepal, was the appropriate inquiry. *See Dhoumo v. BIA,* 416 F.3d 172, 174–75 (2d Cir.2005). From his testimony and documents, the IJ could not determine with certainty whether he was Tenzin Nima, native of Tibet, or Tenzin Nima Tsering, native and citizen of Nepal, but ultimately concluded that the latter possibility was more likely. There was evidence to support either conclusion, and Tsering offered a plausible explanation for why many of his documents indicated that he was Nepalese rather than Tibetan. However, his explanation did not account for all the discrepancies, and he was required to do more than provide a plausible explanation; he was required to demonstrate that a "'reasonable fact-finder would be compelled to credit his testimony.'" *Zhou Yun Zhang v. INS,* 386 F.3d

66, 76 (2d Cir.2004) (quoting *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003)). Moreover, the burden was on Tsering to prove that he was a refugee, and he could not meet that burden without establishing a fact so fundamental as citizenship or nationality. 8 C.F.R. § 1208.13(a); *see also Dhoumo*, 416 F.3d at 174–75. By providing confusing testimony that contradicted his documentary evidence, Tsering failed to establish his Tibetan citizenship.

Tsering's contradictory evidence also gave the IJ a valid reason to doubt his credibility overall. The BIA has classified identity as "perhaps the most critical of elements" of an asylum claim, and therefore Tsering's failure to establish this element was fatal. *See Matter of O–D–*, 21 I. & N. Dec. 1079, 1082, 1998 WL 24904 (BIA 1998). His inability to prove that he was, in fact, Tibetan, severely undermined his claim that he would be persecuted in either Nepal or China on account of his Tibetan ethnicity and religion. *See id.* at 1081.

Even if he had testified credibly, Tsering could not meet his burden of proof. By his own admission, he did not suffer past persecution in Nepal, and substantial evidence supports the IJ's conclusion that he failed to demonstrate a well-founded fear. He suggested that he feared being arrested for attending pro-Tibet demonstrations, yet he admitted that he had attended multiple demonstrations in the past and never been arrested. Likewise, his testimony that he had no problem practicing his religion undercut his claim that he feared religious persecution. Finally, his fear of being deported to Tibet was not objectively reasonable, given the IJ's finding that he was a citizen of Nepal. Substantial evidence also supports the IJ's finding that Tsering did not meet his bur-

den with respect to China, when he provided insufficient evidence that he was a citizen or had ever lived there, and the only specific fear he claimed was speculative.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).